| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Law Offices of Andy Winchell<br>332 Springfield Avenue, Suite 203<br>Summit, New Jersey 07901<br>Telephone No. (973) 457-4710<br>andy@winchlaw.com<br>By: Andy Winchell [AW-6590]<br>Attorney for the Debtors | |
| In Re:<br><br>Alejandro Vincente Perez<br>Cathy Hanenberg Perez | Case No.: 10-24182 (RG)<br>Chapter: 13<br>Judge: Hon. Rosemary Gambardella |
| Alejandro Vincente Perez<br>Cathy Hanenberg Perez<br><br>                          Plaintiff<br><br>                vs.<br><br>JP Morgan Chase Bank, N.A.; Chase Home Finance LLC; Phelan Hallinan & Schmieg, PC,<br><br>                          Defendants | Adv. Pro. No: |

**COMPLAINT OF THE DEBTORS
FOR DECLARATORY JUDGMENT AND DAMAGES**

**PRELIMINARY STATEMENT**

1.     This is an action brought by the Debtors/Plaintiff (hereinafter the "Debtors" or the

"Plaintiff") for a declaratory judgment, injunctive and equitable relief as provided for by Rules

2016(a), 3007, 7001(7) and 7001(9) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. This is also an action to determine the secured status of the Defendants in this case pursuant to Sections 105(a), 502(b)(1), and 506 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

3. The Debtors are also seeking the recovery of actual and punitive damages from the Defendants pursuant to Sections 362(a) and 105(a) of Title 11 of the United States Code (the "Bankruptcy Code") for filing a false and fraudulent proof of claim in violation of Section 501 of the Bankruptcy Code and Rules 3001(c) and 3001(d) of the Bankruptcy Rules.

4. This is also an action for actual and punitive damages brought by an individual consumer for Defendants violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"), and Sections 3500.21(e)(1) and 3500.21(e)(3) of Regulation X. More specifically and without limitation, the Plaintiff seeks the remedies as provided in TILA and RESPA for the Defendants' failures to identify the creditors who own the Debtors' mortgage loan when so requested as required by 15 U.S.C. §1641(f) and 12 U.S.C. § 2605(e).

5. The Debtors are also seeking recovery of damages for the violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692.

**JURISDICTION**

6. This is a core proceeding as that term is defined by Section 157(b)(2) of Title 28 of the United States Code in that it concerns claims and counterclaims to a proof of claim and matters arising out of the administration of this bankruptcy case and rights duly established under

2

Title 11 of the United States Code and other applicable federal law. The Plaintiff consents to entry of a final order to any non-core claim for relief.

7.  This Court has jurisdiction to hear the claims for relief under the Real Estate Settlement Procedures Act pursuant to 12 U.S.C. § 2614.

8.  Jurisdiction of the United States Bankruptcy Court over this matter is provided by 28 U.S.C. §§ 151, 157 and 1334 as amended.

## PARTIES

9.  The Debtors are a married couple residing in Franklin Lakes, New Jersey and filed a petition in bankruptcy under chapter 13 of Title 11 of the United States Code on May 7, 2010.

10. On information and belief, Defendant J.P. Morgan Chase, N.A. ("J.P. Morgan Chase") is a corporation organized under the laws of the state of Delaware. J.P. Morgan Chase is a "Debt Collector" as that term is defined by the Fair Debt Collections Practices Act, 15 USC §1692(a)(6).

11. On information and belief, Defendant Chase Home Finance, LLC ("Chase Home Finance") is a corporation organized under the laws of the state of New Jersey. Chase Home Finance is a "Debt Collector" as that term is defined by the Fair Debt Collections Practices Act, 15 USC §1692(a)(6).

12. On information and belief, Defendant Phelan Hallinan & Schmieg, PC (the "Phelan Firm," and collectively with J.P. Morgan Chase and Chase Home Finance, the "Defendants") is a law firm with its principal place of business at 400 Fellowship Road, Mt.

Laurel New Jersey 08054. The Phelan Firm is a "Debt Collector" as that term is defined by the Fair Debt Collections Practices Act, 15 USC §1692(a)(6).

## FACTUAL ALLEGATIONS

13. This case was commenced by the filing of a chapter 13 petition with the Clerk of this court on May 7, 2010 (the "Petition Date"). An Order for Relief under the provisions of chapter 13 of the Bankruptcy Code was duly entered by this Court upon the filing of the petition. This order served to invoke the provisions of Section 362(a) of the Bankruptcy Code.

14. The 341(a) meeting of creditors occurred on June 15, 2010. The Defendants did not appear in person or by an attorney at that meeting.

### The Note, The Mortgage, and Their Sale

15. On or about January 25, 2008, the Debtors issued a promissory note (the "Note") to J.P. Morgan Chase and granted a mortgage (the "Mortgage," and collectively with the Note, the "Mortgage Loan") on the Debtors' residence in connection therewith.

16. On information and belief, J.P. Morgan Chase sold the Mortgage Loan either directly or through an intermediary to the Federal National Mortgage Association ("Fannie Mae").

17. The Debtors fell on difficult economic times in 2008 and 2009 as a result of illness, unemployment, and litigation against contractors who had damaged their house during construction.

18. The Debtors repeatedly contacted Chase Home Finance to attempt to obtain a loan modification. Chase Home Finance's representative required multiple copies of extensive

4

documentation and on more than one occasion misrepresented the status of the Mortgage Loan to the Debtors including without limitation indicating to the Debtors that Chase Home Finance or JP Morgan Chase was the owner of the Mortgage Loan.

19.     Shortly before the Petition Date, Chase Home Finance offered the Debtors a trial modification.

20.     The Debtors have complied with all of their obligations under the trial modification and have made regular monthly payments of $1964.35 to Chase Home Finance since well before the Petition Date.

### The Violations of RESPA and TILA

21.     On or about April 22, 2010, shortly before the Petition Date, the Debtors' counsel transmitted to Chase Home Finance a qualified written request (the "First QWR") pursuant to RESPA and TILA seeking information about the status of the Mortgage Loan and the identity of the owner of the Note. Chase Home Finance responded by indicating that they could not locate the loan in question. Debtors' counsel responded with correspondence showing that Chase Home Finance already had filed papers in the Debtors' bankruptcy case.

22.     On or about July 1, 2010, the Debtors renewed their request that the Defendants comply with federal law by transmitting to them another qualified written request (the "Second QWR") seeking the same basic information requested in the First QWR. The Defendants never acknowledged receipt of the Second QWR or provided any of the substantive information requested.

23.     In short, the Debtors never received the substantive information that they sought.

### The Bankruptcy Case and the Events Leading to the Commencement of this Adversary Proceeding

24.     On May 7, 2010, the Debtors filed their bankruptcy petition under chapter 13 of Title 11. On June 14, 2010, the Debtors filed their First Modified Chapter 13 Plan (the "Plan").

25.     On or about September 16, 2010, Debtors' counsel propounded discovery (the "Discovery Requests") on the Defendants seeking much of the same information requested in the First QWR and Second QWR.

26.     The Debtors' counsel was in regular contact with the Phelan Firm and tolled the Defendants' response time for the Discovery Requests until December 2011, when negotiations between the Debtors and Defendants broke down.

27.     On or about September 13, 2010, The Phelan Firm filed a proof of claim (the "Proof of Claim") on behalf of JP Morgan Chase.

28.     It is impossible to determine from a review of the Proof of Claim that Fannie Mae has any interest in the Mortgage Loan.

29.     The Proof of Claim lists arrearages that are substantially larger than the amounts that the Debtors owe on their Mortgage Loan.

30.     It appears that the Defendants failed to apply many of the payments that Chase Home Finance received from the Debtors.

### Misrepresentations In Negotiations and Further Violations of the FDCPA

31.     The Debtors through their counsel had extensive discussions with the Defendants with respect to a possible permanent loan modification that would resolve the issues herein.

32. In July 2010, the Debtors through their counsel submitted all of the documents that the Defendant required to process such a loan modification.

33. In August 2010, the Debtors received correspondence directly from Chase Home Finance indicating that their application for loan modification had been denied.

34. Moreover, on numerous occasions during this period Chase Home Finance contacted the Debtors directly by telephone and by mail even though all of the Defendants were aware that the Debtors were represented by an attorney.

35. After months of verbal assurances that the Defendants would provide the Debtors a loan modification according to certain specified terms, On or about August 30, 2011, the Defendants transmitted to the Debtors loan modification documents to effectuate a permanent loan modification (the "Proposed Loan Modification Documents") that contained different terms.

36. Specifically, the Proposed Loan Modification Documents would have added roughly $28,000 to the principal amount of the Mortgage Loan.

37. The Debtors' counsel inquired of the Defendants about the reason for the addition to principal. The Defendants' explanation indicated that the Defendant had failed to credit many of the payments that the Debtors had made in 2010 and 2011.

### First Claim For Relief
### (Lack of Standing)

38. The allegations in paragraphs 1 through 37 of this complaint are realleged and incorporated herein by this reference.

39. The Plaintiff is informed and believes and therefore alleges that none of the Defendants is the actual "holder" and the lawful "assignee" and "owner" of the Note originally signed by the Plaintiff.

40. The Plaintiff also alleges that Defendants, in the alternative, have failed to establish that it is the lawful agent of the true owner and holder of the Note with proper authority to file the Proof of Claim.

41. The Plaintiff alleges that as a result thereof that Defendants had no constitutional standing to file the sworn Proof of Claim or otherwise to participate in this chapter 13 proceeding.

42. The Plaintiff alleges that as a result thereof Chase Home Finance should be ordered to pay back all funds received from the Plaintiff in the form of direct mortgage payments and any amounts received from the Trustee.

**Second Claim For Relief**
**(Violation of RESPA and TILA)**

43. The allegations in paragraphs 1 through 42 of this complaint are realleged and incorporated herein by this reference.

44. Chase Home Financer is the servicer of a "federally related mortgage loan" as that term is defined in Section 2602(1) of Title 12 of the United States Code.

45. The Mortgage Loan is a consumer credit transaction within the meaning of, and subject to, TILA.

46. Defendant Chase Home Finance did not, within 60 days of receipt of the "qualified written request," provide the information requested and inform the Plaintiff of its

actions as required by Section 2605(e)(1)(B)(2) of Title 12 of the United States Code and Section 3500.21(e)(3) of Req. X.

47. Defendant Chase Home Finance failed to identify the owner of the First Mortgage note within 10 days of receipt of the letter as required by 12 U.S.C. 2605(k) as amended effective July 16, 2010 by the Dodd-Frank Financial Reform Act and as recently as the filing date hereof has not provided the Plaintiff with a proper response to qualified written requests, thus violating both 12 U.S.C. §2605(e)(1) (RESPA) and 15 U.S.C. §1641(f) (TILA) with respect to the Mortgage Loan.

48. Pursuant to Section 2605(f) of Title 12 of the United States Code and Section 3500.21(f) of Req. X, the Plaintiff may recover of the Defendants statutory damages of $4,000 for each of the TILA violations, statutory damages of $2,000 for each of the RESPA violations, actual damages, costs and reasonable attorney fees for each failure of the Defendants to comply with any part of Section 2605 of Title 12 of the United States Code.

### Third Claim For Relief
### (Fraudulent Proof of Claim)

49. The allegations in paragraphs 1 through 48 of this complaint are realleged and incorporated herein by this reference.

50. The conduct of the Defendants in attempting to file an improper proof of claim constitutes fraud on the Court.

51. The Plaintiff alleges that this Court has authority under Section 105(a) of Title 11 of the United States Code to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

52. The Plaintiff alleges that the Defendants have exhibited a pattern and practice of improper conduct in preparing documents that are filed with courts.

53. The Plaintiff alleges that this Court should impose sanctions against the Defendants for filing an improper claim in this case.

### Fourth Claim For Relief
### (Violation of the Fair Debt Collection Practices Act)

54. The allegations in paragraphs 1 through 53 of this complaint are realleged and incorporated herein by this reference.

55. The Defendants violated 15 U.S.C. §§ 1692e,(3) and (10), and 1692f(1) by making false and misleading representations concerning the amount of the debt, the fees applied, the application of payments and the ownership of the Note.

56. The Defendants violated 15 U.S.C. § 1692c by communicating with the Debtor at a time when the Defendant knew that the Debtors were represented by an attorney.

57. These violations of the Fair Debt Collection Acts are willful and done with malice in order to intimidate the Debtors into doing whatever is necessary to pay the debt and to do so in an amount that is more than the Debtors rightfully owe. Upon information and belief, the Defendants have a pattern or practice of the conduct complained of herein. As part of their business model, the Defendants have chosen to ignore the Fair Debt Collection Practices Act.

58. The Plaintiff is therefore entitled to an award of statutory damages, punitive damages and legal fees pursuant to 11 U.S.C. § 1692k.

## Fifth Claim For Relief
### (Breach of Contract)

59. The allegations in paragraphs 1 through 58 of this complaint are realleged and incorporated herein by this reference.

60. To the extent that the Mortgage Loan constitutes a legally enforceable contract, the Defendants' imposing of improper, unauthorized and unapproved fees and charges to the Plaintiff's mortgage loan account, using a "suspense account" to pay all or a part of the said fees and charges, and the failure to apply payments received constitute a breach of the terms of the Note.

61. All actions of the Defendants contained in this Complaint were done in bad faith and as such were violations of the covenant of good faith and fair dealing contained and implied in the loan documents. Such bad faith conduct and unfair dealing further supports imposing punitive damages.

**WHEREFORE,** the Plaintiff having set forth claims for relief against the Defendants respectfully prays of the Court as follows:

   a. For a declaratory judgment that the Defendants have no enforceable secured or unsecured claim against property of the estate in bankruptcy;

   b. For a declaratory judgment that the sworn Proof of Claim is false, fraudulent, and otherwise unlawful;

      c.      For a declaratory judgment that the sworn Proof of Claim violates the Local Rules of this Court, Rule 3001 of the Bankruptcy Rules, and the official forms and instructions thereto for lack of any supporting documentation;

      d.      That the Plaintiff be awarded and recover statutory damages for violations of RESPA and TILA;

      e.      That the Plaintiff be awarded and recover statutory damages for FDCPA violations;

      f.      That the Plaintiff be awarded and recover actual and punitive damages in an amount to be determined by this Court;

      g.      That the Plaintiff have and recover their reasonable legal fees in an amount to be determined by this Court;

      h.      That the Plaintiff recover all reasonable costs and expenses in this case in an amount to be determined by this Court;

      i.      That, to the extent that any Defendant has an enforceable claim against the Debtors, that such Defendant be permitted to file an unsecured claim within ninety days of a final judgment herein;

      j.      That the Plaintiff have such other and further relief as to the Court may seem just and proper.

Dated this the 30th day of December, 2011.


/s/ Andy Winchell
Law Offices of Andy Winchell

332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Debtors