| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Law Offices of Andy Winchell<br>332 Springfield Avenue, Suite 203<br>Summit, New Jersey 07901<br>Telephone No. (973) 457-4710<br>andy@winchlaw.com<br>By: Andy Winchell [AW-6590]<br>Attorney for the Debtors | |
| In Re:<br><br>Alejandro Vincente Perez<br>Cathy Hanenberg Perez | Case No.: 10-24182 (RG)<br>Chapter: 13<br>Judge: Hon. Rosemary Gambardella |
| Alejandro Vincente Perez<br>Cathy Hanenberg Perez<br><br>                    Plaintiff<br><br>              vs.<br><br>JP Morgan Chase Bank, N.A.; Chase Home Finance LLC; Phelan Hallinan & Schmieg, P.C.,<br><br>                    Defendants | Adv. Pro. No: 11-02711 (RG) |

**PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS**

Alejandro Vincente Perez and Cathy Hanenberg Perez, the Plaintiff herein (the "Debtors" or "Plaintiff"), hereby submits an opposition to the frivolous motion for sanctions filed by Defendant Phelan Hallinan & Schmieg, P.C. ("Defendant Phelan").

As explained in the Defendant's Supplemental Opposition to Motion to Dismiss, Defendant Phelan's attorney continues to exhibit a persistent misunderstanding of: (a) the nature of the allegations against Defendant Phelan; (b) the Fair Debt Collection Practices Act; and (c) federal procedure. Notwithstanding being corrected on this point repeatedly, Defendant Phelan's attorney continues to believe that the Plaintiff alleges that Defendant Phelan violated the FDCPA only by filing a false and fraudulent proof of claim. Defendant Phelan's counsel ignores the evidence, attached to the Supplemental Opposition to Motion to Dismiss that the Debtors filed in May of this year, that Defendant Phelan sought to collect a debt in an incorrect amount through communications made to the Plaintiff. Among other things, the FDCPA prohibits any attempt to collect a debt in an incorrect amount. 15 U.S.C. § 1692e(2). Simply stated, if, as the Debtors believe, the communication that Defendant Phelan sent to the Debtors in 2011 seeking to have them agree to a new principal amount of $436,707.48 reflected an inflated figure, Defendant Phelan violated the FDCPA. This refusal to accept the basic facts involved in this litigation has forced the Plaintiff's counsel to respond to multiple separate motions to dismiss and now this frivolous sanctions motion.

Defendant Phelan's counsel has cited no binding authority for the proposition that the FDCPA does not apply during bankruptcy proceedings. The only case that has so held is a district court decision which: (a) is obviously incorrect at least in that respect; (b) even if correct is not binding on any court; and (c) is currently is on appeal at the United States Court of Appeals for the Third Circuit. It is unfathomable that a motion for sanctions can be based upon authority that is neither binding nor correct.

There are two legal truths that cannot be controverted in this case: First, to date, there is no controlling decision holding that the FDCPA does not apply during bankruptcy cases or to the proof of claim process; second, even if the Third Circuit were to adopt such a rule now, it would not warrant the impositions of sanctions for a pleading that was filed in December 2011.

The standard for the imposition of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure is "stringent." <u>Doering v. Union County Bd. of Chosen Freeholders</u>, 857 F.3d 191, 194 (3d Cir. 1988). According to the Third Circuit, Rule 11 permits sanctions, "only in the 'exceptional circumstance' [citation omitted], where a claim or motion is patently unmeritorious or frivolous." <u>Id</u>. Rule 11 must not "be a penalty against merely unsuccessful litigants, and it 'should not be applied to adventuresome, though responsible, lawyering which advocates creative legal theories.'" <u>In re Victor Mondelli</u>, Civ. No. 10-3393 WJM (D.N.J. March 31, 2011) (quoting <u>Mary Ann Pensiero, Inc. v. Lingle</u>, 847 F.2d 90, 94 (3d Cir. 1988)).

Here, Defendant Phelan's counsel is consumed by the following legal and factual errors: (a) that the FDCPA claim against Defendant Phelan is based <u>solely</u> upon the filing of a false and fraudulent proof of claim; (b) that somewhere there is binding legal authority that the FDCPA does not apply to proofs of claim; (c) that if this Court agreed that the FDCPA does not apply to proofs of claim, that there would be no FDCPA case against Defendant Phelan; (d) that at some point the Debtors' counsel argued a position that is directly contrary to the position that he has taken in every similar case he has argued; and (e) that even if the Debtors' counsel had argued such a position, that it would matter at all in this case. All of the five foregoing points are false.

As explained and demonstrated in the Debtors' Opposition to the Motion to Dismiss, filed on or about May 31, 2013, Defendant Phelan violated the FDCPA not only by filing a false

3

and fraudulent proof of claim, but also by transmitting loan modification documents to the Debtors that sought to collect an amount in excess of what the Debtors owed. The FDCPA prohibits any attempt to collect a debt in any amount other than permitted by law. 15 U.S.C. § 1692e(2). Thus, if the new principal amount was inflated, Defendant Phelan violated the FDCPA.

Further, whether filing a false and fraudulent proof of claim is actionable under the FDCPA is unsettled law. There is no binding precedent in the Third Circuit. Reasonable minds can and do differ on whether filing a proof of claim is actionable under the FDCPA. But the Debtors and their counsel always have maintained that filing a false and fraudulent proof of claim is actionable under the FDCPA. The Debtors' counsel argued as much before the Third Circuit:

> JUDGE RENDELL: I have two more questions. One of which -- I am surprised at your answer on the proof of claim. Because, on a proof of claim, and your concession there that the FDCPA doesn't apply, because a proof of claim will be allowed or disallowed by the court.
>
> MR. WINCHELL: Your Honor, I didn't mean to concede that the FDCPA doesn't, does not necessarily. The cases here --
>
> JUDGE RENDELL: Well you did, I asked you if they are totally are totally separate and if they both can exist and you said in that situation, the court can resolve a proof of claim. So, therefore--
>
> MR. WINCHELL: <u>Absolutely, that can be resolved under either 3007 of the rules of bankruptcy procedure or potentially, if the proof of claim in some way is false, deceptive or misleading, might fall under the FDCPA.</u>
>
> JUDGE RENDELL: It would be disallowed.
>
> MR. WINCHELL: Also, it could be disallowed.
>
> JUDGE RENDELL: It wouldn't be a cause of action for it. That would only be under the FDCPA. So, I'm surprised --

MR. WINCHELL: Yes, Your Honor. I agree with that.

Unofficial Transcript, p. 11-12 [emphasis added]. Obviously, the Debtors' counsel argued that a false proof of claim is actionable under the FDCPA. That is why he phrased the following sentence in the disjunctive: "Absolutely, [the proof of claim issue] can be resolved under either 3007 of the rules of bankruptcy procedure or potentially, if the proof of claim in some way is false, deceptive or misleading, might fall under the FDCPA." Id. Further, if Judge Rendell believed that the filing a false proof of claim were not actionable under the FDCPA, she could have said so. Instead, she said the opposite -- that the false proof of claim would be actionable "only under the FDCPA." Id. In other words, damages are only available pursuant to the FDCPA, not through the Court's inherent contempt powers. Yet, Defendant Phelan's counsel still maintains that the Debtors' counsel argued the opposite of what he and a Third Circuit judge actually said.

      In short, there is no basis at all for the Motion. The Debtors request that it be denied in its entirety.

Dated this the 30th day of July, 2013.

/s/ Andy Winchell
Law Offices of Andy Winchell
332 Springfield Avenue, Suite 203
Summit, New Jersey 07901
973-457-4710
andy@winchlaw.com
Attorney for the Plaintiff