# PARKER IBRAHIM & BERG
ATTORNEYS AT LAW

270 Davidson Avenue
Somerset, NJ 08873

5 Penn Plaza
Suite 2371
New York, NY 10001

One Liberty Place
1650 Market Street, 36th Fl.
Philadelphia, PA 19103
www.piblaw.com

Writer's Direct Contact:
908.333.6219 (Tel.)
908.333.6230 (Fax.)
james.berg@piblaw.com

July 31, 2013

**VIA ECF**
Honorable Rosemary Gambardella, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
50 Walnut Street
Newark, NJ 07102

  Re: In Re: Alejandro Vicente Perez and Cathy Hanenberg Perez
     Bankruptcy Case No.: 10-24182 RG- Chapter 13
     Adversary Proceeding No.: 11-ap-02711 RG

Dear Judge Gambardella:

  This office represents JPMorgan Chase Bank, National Association ("Chase"), with respect to the above-referenced adversary proceeding (the "Adversary Proceeding"). In accordance with Your Honor's directions at the confirmation hearing conducted on July 17, 2013, Chase objects to the Court retaining jurisdiction over the Adversary Proceeding, as the underlying bankruptcy case has been dismissed.

## Background

  On December 30, 2011 debtors, Alejandro Vincente Perez and Cathleen Hanenberg Perez ("Plaintiffs") filed an Adversary Complaint (the "Complaint") against Chase and Phelan Hallinan & Schmeig (the "Phelan Firm" and collectively with Chase, the "Defendants"). Through the Complaint, the Defendants alleged causes of action relating to, among other things, Chase's Proof of Claim filed in the underlying bankruptcy case. These claims include: (i) Defendants' lack of Standing to File the Proof of Claim; (ii) violations of RESPA and TILA; (iii) Fraudulent Proof of Claim; (iv) Violations of the Fair Debt Collection Practices Act; and (v) Breach of Contract. To date, the Adversary Proceeding has not proceeded beyond the initial pleading stages. Based upon motions filed by the Phelan Firm, the Plaintiffs have filed two amended complaints. The Phelan Firm has a pending motion to dismiss the Second Amended Complaint and a request for sanctions relating to the conduct of Plaintiffs' counsel (the "Motion"), which is returnable before this Court on August 6, 2013. Chase previously filed an

{00088104.DOCX }

Honorable Rosemary Gambardella, U.S.B.J.
July 31, 2013

Answer to the Second Amended Complaint. To date, no discovery has been conducted in the Adversary proceeding and a pre-trial scheduling order has not yet been entered.

### Legal Argument

#### The Court Lacks Jurisdiction Over the Adversary Proceeding

Federal courts are courts of limited jurisdiction that may only hear a case if the Constitution or a federal statute provides the court with jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A bankruptcy court has jurisdiction to adjudicate two types of claims: (1) core and (2) related to 28 U.S.C. 157; *In re Radogna*, 331 Fed. Appx. 962, 965 (3d Cir. 2009). A proceeding is core if "it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Torkelsen v. Maggio (In re Guild and Gallery Plus, Inc.)*, 72 F.3d 1171, 1178 (3d Cir. 1996); *Allen v. J.K. Harris & Co., LLC*, 331 B.R. 634, 640-41 (E.D. Pa. 2005) (quoting *Torkelsen*). Here, while the claims concerning Chase's proof of Claim were arguably core claims, they are now moot. The underlying bankruptcy case has been dismissed and, as such, there are no pending proofs of claim against the Defendants' bankruptcy estate. Accordingly, there are no substantive rights under the Bankruptcy Code to be adjudicated.

A related-to proceeding is one where "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984). It is generally recognized that Courts are divested of related to jurisdiction where there is no longer an estate to be administered. *See, e.g., In re Ostroff*, 433 B.R. 442 (Bankr. D. Col. 2010) (holding that upon entry of trustee's report of no distribution, adversary proceeding could have no effect on funds available for unsecured claims and therefore court lacked related-to jurisdiction over adversary proceeding); *In re Herd*, Adv. No. 06-1128, 2007 WL 2481369 (Bankr. E.D. Tenn. Aug. 28, 2007) ("Whether or not the defendant has engaged in the activities complained of by the plaintiffs, retention of jurisdiction of this proceeding by the bankruptcy court and a decision either in favor of the defendant or in favor of the plaintiffs will result in neither a benefit nor a detriment to the estate"); *In re Eltech, Inc.*, 313 B.R. 659 (Bankr. W.D. Pa. 2004) ("the elimination of a claim in a no-asset Chapter 7 case, as set forth above, will have a $0.00 effect on the recovery of other creditors"). Here, the underlying bankruptcy case has been dismissed and the claims and/or causes of action asserted by the Plaintiffs in the Adversary Proceeding can have no impact on an estate being administered in bankruptcy.

It is well established that Courts have a continuing obligation to evaluate whether the matters before it are within its jurisdiction, *See, e.g., Things Remembered, Inc. v. Petrarca*, 516

Honorable Rosemary Gambardella, U.S.B.J.
July 31, 2013

U.S. 124, 131 n. 1 (1995) ("every federal court, whether trial or appellate, is obliged to notice want of subject-matter jurisdiction on its own motion"). Because the claims set forth in the Adversary Proceeding are not core claims or related to the bankruptcy case, this Court does not have jurisdiction and cannot retain jurisdiction over the Adversary Proceeding.

### The Court Should Not Retain Jurisdiction Over The Adversary Proceeding.

The Third Circuit adheres to the general rule "that dismissal of a bankruptcy case terminates all adversary proceedings filed in that case. . ." *Smith v. Commercial Banking Corp. (In re Smith)*, 866 F.2d. 576, 580 (3d Cir. 1989). The Third Circuit makes limited exceptions to this general rule where certain factors are met. When deciding whether to retain jurisdiction, a Bankruptcy Court should analyze the following factors, "(1) judicial economy; (2) fairness and convenience to the litigants; and (3) the degree of difficulty of the related legal issues involved." *Id.*

Here, as set forth above, Chase respectfully submits that the Court does not have jurisdiction to consider the Adversary Proceeding. However, to the extent the Court determines that it does have jurisdiction, based upon the application of the foregoing factors, the Court should not retain jurisdiction. First, the Adversary Proceeding is still in its initial stages. A pre-trial scheduling order has not been entered and the parties have not commenced discovery. In addition, in order to enforce its rights and remedies against Plaintiffs, Chase will ultimately need to resort to state court proceedings in order to commence a foreclosure action. Chase should not be compelled to litigate an adversary proceeding in Bankruptcy Court – where no bankruptcy case is pending - when ultimately it will need to file a separate action in the State Court to enforce its rights and remedies. This would be a waste of judicial resources for both this Court and the state court. Additionally, requiring Chase to litigate in multiple venues is simply unfair to Chase. Accordingly, both the first and second factors supporting retention of jurisdiction over the Adversary Proceeding are not satisfied.

Finally, the Adversary Proceeding addresses various state claims and federal causes of action that are not typically considered by bankruptcy courts, but which are regularly considered in the context of state court foreclosure actions. These include claims under the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq. ("RESPA"), and Sections 3500.21(e)(1) and 3500.21(e)(3) of Regulation X. Given the degree of difficulty raised by the claims asserted by the Plaintiffs, the third factor for retaining jurisdiction over the Adversary Proceeding is also not satisfied.

Honorable Rosemary Gambardella, U.S.B.J.
July 31, 2013

### Conclusion

Based upon the foregoing, it is respectfully submitted that the Court does not have jurisdiction over the Adversary Proceeding. Alternatively, in the event the Court determines that it does have jurisdiction, the Court should not retain jurisdiction over the Adversary Proceeding.

Respectfully submitted,

*/s/ James P. Berg*

James P. Berg

{00088104.DOCX }