NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEJANDRO VINCENTE PEREZ and CATHY HANENBERG PEREZ, | Civil Action No.: 14-2279 (CCC) |
| Plaintiffs, | **ORDER** |
| v. | |
| JP MORGAN CHASE BANK, N.A., CHASE HOME FINANCE LLC, PHELAN HALLINAN & SCHMIEG, P.C., | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court on motion of Plaintiffs Alejandro Vincente Perez and Cathy Hanenberg Perez ("Plaintiffs") to withdraw reference to the bankruptcy court. [ECF No. 1.] Defendant JP Morgan Chase Bank, N.A. ("Defendant") opposes the motion. [ECF No. 3.] This matter is decided without oral argument. Fed. R. Civ. P. 78. It appearing that:

1. The instant motion arises from an ongoing bankruptcy case in bankruptcy court. In December 2011, in connection with the bankruptcy case, Plaintiffs filed an adversary action in the bankruptcy court alleging, *inter alia*, a violation of the Fair Debt Collection Practices Act ("FDCPA"). Thereafter, the parties engaged in motion practice, conferences, and hearings with respect to the adversary action. In July 2013, the underlying bankruptcy case was dismissed, leaving only the adversary action in the bankruptcy court.

2. On April 9, 2014, Plaintiffs filed the instant motion to withdraw reference to the bankruptcy court and transfer the adversary action to this Court. Plaintiffs argue, and no party disputes,

that that Plaintiffs could have originally filed their claims in this Court, as the FDCPA claims are within the Court's original jurisdiction.

3. Under 28 U.S.C. § 157(d),

> [t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

"The first sentence of this statute describes the conditions under which withdrawal is permissive, while the second sentence describes the conditions under which withdrawal is mandatory." In re Big V Holding Corp., 2002 WL 1482392, at *3 (D. Del. July 11, 2002). Neither party argues that withdrawal is mandatory here. Accordingly, the issue is whether "cause" exists for withdrawal.

4. To determine whether "cause" exists for withdrawal, the Court may look at various factors, including: (1) whether the claim is core or non-core, (2) what is the most efficient use of judicial resources, (3) what is the delay and what are the costs to the parties, (4) what will promote uniformity of bankruptcy administration, (5) what will prevent forum shopping, and (6) other related factors.[1] In re Burger Boys, Inc., 94 F.3d 755, 762 (2d Cir. 1996); In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993). Notably, "the first [factor] is the most important". Burger Boys, 94 F.3d at 762; Orion Pictures Corp., 4 F.3d 1095, 1101 ("A district court considering whether to withdraw the reference should first evaluate whether the

---

[1] While In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990) is commonly cited in the Third Circuit for relevant "cause" factors, the factors cited by the Court are more inclusive than Pruitt and, indeed, more applicable given the nature of the proceedings. (See Pls.' Reply at 5-6 (noting that the Pruitt factors are inapposite).)

2

claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn.").

5. Both parties agree that Plaintiffs assert non-core claims. (Pls.' Reply at 2; Def.'s Br. at 11 ("[T]he claims set forth in the Adversary Proceeding are not core claims")). The Court is in agreement with the parties given that Plaintiffs' claims do not exhibit the hallmarks of a core claim—they neither "invoke[] a substantive right provided by title 11", nor "arise only in the context of a bankruptcy case". See Halper v. Halper, 164 F.3d 830, 836 (3d Cir. 1999). Such non-core claims normally weigh in favor of withdrawing reference to the bankruptcy court because "the bankruptcy court's findings would be subject to de novo review, see 28 U.S.C. § 157(c)(1), which could lead to duplication of effort." Petition of McMahon, 222 B.R. 205, 208 (S.D.N.Y. 1998). However, this case is even more compelling: if Plaintiffs' motion is denied, the bankruptcy court may be without jurisdiction to resolve Plaintiffs' non-core claims and therefore Plaintiffs may be unable to vindicate their purported rights.[2] (See Def.'s Br. at 10 ("the Bankruptcy Court simply does not have jurisdiction over the Adversary Proceeding"); Pls.' Mot. at 3 ("Obviously, the dismissal of the underlying bankruptcy case puts into question the bankruptcy court's jurisdiction over this adversary proceeding").) Such a result would be contrary to the "longstanding principle that federal courts have a 'virtually unflagging' obligation to hear and decide cases within their jurisdiction." ACRA Turf Club, LLC v. Zanzuccki, 748 F.3d 127, 138 (3d Cir. 2014) (citing Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 591 (2013)). As such, this "most important" factor weighs heavily in favor of granting Plaintiffs' motion.

6. With respect to delay and the expenditure of resources by both the parties and the Court, the

---

[2] The Court makes no findings regarding the bankruptcy court's jurisdiction.

3

Court acknowledges Defendant's argument that the parties have been "embroiled in litigation for two and a half years" and have "expend[ed] significant resources filing pleadings and motions, preparing and producing documents, and appearing for hearings and conferences." (Def.'s Br. at 14.) That said, if Plaintiffs' assertions are truly "baseless", (Def.'s Br. at 15), then minimal resources would be expended by Defendant and the Court in addressing a motion to dismiss.

7. With respect to promoting uniformity of bankruptcy administration and preventing forum shopping, the Court notes that Plaintiffs chose to file their complaint in bankruptcy court and the underlying bankruptcy case has been dismissed; only Plaintiffs' adversary action remains. Although Plaintiffs made the conscious choice to file an adversary proceeding in bankruptcy court, the Court is not concerned with any disuniformity in bankruptcy proceedings given the non-core status of Plaintiffs' claims.

8. In sum, the above-noted factors, including the substantial weight of the first factor and the minimal cost to the parties and the Court if Plaintiffs' claims are truly meritless, counsel in favor of withdrawing reference to the bankruptcy court.

Accordingly, **IT IS** on this 17 day of March, 2015

**ORDERED** that Plaintiffs' motion to withdraw reference to the bankruptcy court [ECF No. 1] is hereby **GRANTED**; and it is further

**ORDERED** that the referenced adversary proceeding is transferred to the United States District Court for the District of New Jersey; and it is further

**ORDERED** that Plaintiffs are directed to file an amended complaint, within thirty (30) days, in light of the dismissal of their bankruptcy case.

**SO ORDERED**.

**HON. CLAIRE C. CECCHI**
**United States District Judge**